UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                        )
                                              )      Bankruptcy No. 20 B 21827
HAMZA M. SHAKIR,                              )      Chapter 7
                                              )      Judge Donald R. Cassling
          Debtor.                             )

**ORDER DENYING DEBTOR'S MOTION FOR SANCTIONS AGAINST KEVIN A.
STERLING AND THE STERLING LAW OFFICE FOR VIOLATION OF THE
AUTOMATIC STAY (DOCKET NO. 44)**

This matter is before the Court on the motion of Hamza M. Shakir ("Debtor") for sanctions against Kevin A. Sterling and The Sterling Law Office ("TSLO") for violation of the automatic stay. For the reasons set forth herein, the Court denies Debtor's motion.

**BACKGROUND**

Prior to the filing of this case, Debtor's father, Sohail A. Shakir, filed a bankruptcy case on January 16, 2020 (20 B 01252, Dkt. No. 1.) Philip V. Martino, the Chapter 7 trustee in that case, sought and obtained approval of his application to employ TSLO as special counsel to pursue the assets of Sohail A. Shakir. (*Id.* at Dkt. No. 45.)

Debtor subsequently filed his own bankruptcy petition on December 21, 2020. (Dkt. No. 1.) It is undisputed that notice of the bankruptcy case was not sent to TSLO. (Reply Br. at p. 1.)

About two months later, TSLO, on behalf of Trustee Martino and without notice of Debtor's case, filed an adversary proceeding against Sohail A. Shakir, his family members, and several entities owned by Sohail Shakir or placed in the name of his family members (21 A 00008, the "Martino Adversary Proceeding"). The Martino Adversary Proceeding is based on Sohail A. Skakir's alleged fraudulent transfers to his family members, including his son, Debtor Hamza M. Shakir.

On February 15, 2021, attorney Timothy C. Culbertson filed an appearance on behalf of all defendants, including Debtor, in the Martino Adversary Proceeding. (21 A 00008, Dkt. No. 7.) He also filed a motion to extend the time to file a responsive pleading. (*Id.* at Dkt. No. 6.) Then, on March 9, 2021, he filed an answer to the complaint on behalf of Debtor and the other defendants. (*Id.* at Dkt. No. 14.) Attorney Culbertson did not inform TSLO, or the Court for that matter, that Debtor had filed a bankruptcy petition.

It was not until March 23, 2021, that David Lloyd, bankruptcy counsel for Debtor, advised TSLO by letters sent to Kevin A. Sterling and Laura Newcomer Cohen that Debtor had filed a bankruptcy petition. (Dkt. No. 44, Ex. A.) After learning of Debtor's bankruptcy filing, TSLO

took no action whatsoever against him in the Martino Adversary Proceeding, although TSLO pursued discovery against the other defendants.

Debtor's participation in the Martino Adversary Proceeding without asserting the stay is significant, for the reasons explained below.

On July 1, 2021, Debtor filed the instant motion for sanctions against TSLO for violation of the automatic stay because it refused to "dismiss the adversary proceeding against the Debtor, or place the proceeding on an inactive or bankruptcy call." (*Id.* at p. 3 ¶ 5.)  Debtor seeks actual damages including $1,240 in legal fees.  The parties waived the opportunity for an evidentiary hearing.

## APPLICABLE STANDARDS

The filing of a bankruptcy case operates as a stay against the commencement of a judicial proceeding against the debtor that could have been brought before the case was filed.  11 U.S.C. § 362(a)(1).  The bankruptcy filing also stays "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case. . .[.]"  11 U.S.C. § 362(a)(6).

When a creditor violates the automatic stay, Section 362(k)(1) provides a remedy for the debtor to recover damages and states that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).  For a violation to be willful, the alleged violator must have had knowledge that the bankruptcy petition had been filed.  *Roete v. Smith (In re Roete)*, 936 F.2d 963, 965 (7th Cir. 1991).

In order to recover damages for violation of the automatic stay, a debtor must establish by a preponderance of the evidence the following elements:  (1) a bankruptcy petition was filed; (2) the debtor is an individual; (3) the creditor had notice of the petition; (4) the creditor's actions were in willful violation of the stay; and (5) the debtor suffered damages.  *In re Swindle*, 584 B.R. 259, 266 (Bankr. N.D. Ill. 2018); *In re Sori*, 513 B.R. 728, 732 (Bankr. N.D. Ill. 2014).

A violation of the stay is willful if the creditor (1) has actual notice of the bankruptcy filing and (2) commits a deliberate act in violation of the stay.  *Sori*, 513 B.R. at 732.  Thus, "[a] 'willful violation' does not require a specific intent to violate the automatic stay."  *In re Price*, 42 F.3d 1068, 1071 (7th Cir. 1994).  Phrased another way, the debtor must prove not that the creditor intended to violate the automatic stay, but instead he must prove that the creditor actually intended to commit the acts which violated the stay.  *Johnson v. RJM Acquisitions, LLC*, No. 11-CV-601-WDS, 2012 WL 930386, at *9 (S.D. Ill. Mar. 19, 2012).

## DISCUSSION

The parties do not dispute that TSLO had no notice of this bankruptcy case when it filed the Martino Adversary Proceeding. (*E.g.*, Reply Br. at p. 1.)  Because that is undisputed, the filing of that proceeding itself was only a technical violation of the stay and does not warrant sanctions. *E.g.*, *In re Gossett*, 369 B.R. 361, 375 (Bankr. N.D. Ill. 2007); *Will v. Ford Motor Credit Co. (In re Will)*, 303 B.R. 357, 364 (Bankr. N.D. Ill. 2003).

It is also undisputed that TSLO did not take any action against Debtor in the Martino Adversary Proceeding once it learned that he had filed for bankruptcy relief. Debtor argues, however, that TSLO's mere failure to dismiss or "inactivate" the Martino Adversary Proceeding by placing it on a "bankruptcy call" after it learned of his bankruptcy filing elevated that technical violation into a willful violation.

The Court disagrees. TSLO was not required to dismiss Debtor as a defendant in the Martino Adversary Proceeding filed in this Court immediately upon learning about his bankruptcy case also filed in this Court. "[R]espect for the stay [did] not require such a drastic step." *In re Tires N Tracks, Inc.*, 498 B.R. 201, 205 (Bankr. N.D. Ill. 2013) (finding that voluntary dismissal of a citation lien was not required, where the lienholder took no actions to enforce the citation lien after learning of the debtor's bankruptcy filing). The fact that TSLO, as Trustee's counsel, ceased taking any affirmative action against or propounding discovery upon Debtor in the Martino Adversary Proceeding was sufficient. *See In re Margulis*, 323 B.R. 130, 133 (Bankr. S.D.N.Y. 2005) ("Generally, the automatic stay prevents entities from *taking action* to commence or continue a proceeding to collect a pre-petition debt, interfere with property of the estate, or, in some cases, interfere with property of the debtor. Conversely, the automatic stay does not toll or restrain the mere passage of time." (internal citations omitted)); *see also City of Chicago, Ill. v. Fulton*, 141 S. Ct. 585, 592 (2021) (holding that mere retention of estate property after the filing of a bankruptcy petition does not constitute an *act* in violation Section 362(a)(3)).

There is also a more fundamental flaw with the abeyance half of Debtor's argument: Unlike state courts, this Court does not have a "bankruptcy call" for matters where a party has filed a bankruptcy case. For that reason, the cases that Debtor cites for the first time in his reply brief that required such abeyance are unpersuasive, as they each concerned litigation that was pending outside the bankruptcy court.

It is equally significant to the Court's analysis that a "debtor 'by his actions or lack thereof' can waive the right to complain about alleged violations of the automatic stay." *In re Ottoman*, 621 B.R. 768, 786 (Bankr. E.D. Mich. 2020) (quoting *Am. Online, Inc. v. Uhrig (In re Uhrig)*, 306 B.R. 687, 694 (Bankr. M.D. Fla. 2004)). Debtor not only appeared through competent counsel in the Martino Adversary Proceeding, but he also participated in the litigation by filing a motion, answering the complaint, and asserting an affirmative defense. He did not claim at any of these points that the Martino Adversary Proceeding was improper or that it could not proceed because of the automatic stay.

This Court agrees with the holding in *Uhrig* that a debtor may not sequentially choose to ignore a stay violation and then choose to oppose it, depending upon that debtor's changing litigation position. *Uhrig*, 306 B.R. at 695 (finding that delaying the assertion of the automatic stay's protections until strategically convenient for the debtor to assert them waived the debtor's stay-violation claim). This conclusion is even stronger here, where the Martino Adversary Proceeding is intended to unwind an alleged fraudulent transfer scheme between and among the Shakir family (including two debtors in separate bankruptcy cases) by way of Debtor's bankruptcy case.[1] The fact that the Trustee's fraudulent transfer claim against Debtor totals approximately

---

[1] Some of the issues in the Martino Adversary Proceeding overlap with those discussed in the Court's decision that was entered in a related adversary proceeding, *see Villa Oaks, LLC v. Shakir (In re Shakir)*, 623 B.R. 532 (Bankr.

95% of the debt asserted in the proofs of claim filed in Debtor's case adds further support to this conclusion. For these reasons, and because Debtor "appear[ed] and defend[ed]" the Martino Adversary Proceeding "on [a] basis other than application of the automatic stay," the Court finds in the alternative that Debtor waived the claim even if the Trustee had committed an act that might have otherwise constituted a willful violation. *See In re Cobb*, 88 B.R. 119, 121 (Bankr. W.D. Tex. 1988) ("To hold otherwise would allow a debtor-in-possession to have trump card that he could play if he did not like the outcome of the action, but allowing him take a favorable judgment.").

## CONCLUSION

For the foregoing reasons, the Court denies Debtor's motion for sanctions against TSLO.

ENTERED:

DATE: September 14, 2021

**Donald R. Cassling**
**United States Bankruptcy Judge**

---

N.D. Ill. 2021). That decision also discusses in some detail the alleged scheme and sequence of transactions undertaken by the Shakir family, primarily to defraud Sohail A. Shakir's creditors.